United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | No. 07-5944 SC<br>MDL No. 1917 |
| CRAGO, Inc.,<br>    Plaintiff,<br>   v.<br>CHUNGHWA PICTURE TUBES, LTD., et al.,<br>    Defendants. | ORDER APPOINTING SPECIAL MASTER |

**I.   SCOPE OF ORDER**

1. <u>Order Applicable to All Cases in MDL Proceedings</u>. This Order shall apply to all cases currently pending in MDL No. 1917 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates to specific cases.

2. <u>Appointment of Special Master</u>. Pursuant to Federal Rule of Civil Procedure 53 and the hearings held on April 4 and May 9, and with the consent of the parties, the Court hereby appoints the Honorable Charles A. Legge, United States District Court Judge (Retired), as a Special Master to assist the Court in this litigation (hereinafter "Judge Legge" or "Special Master").

## II. BASIS FOR APPOINTMENT UNDER RULE 53(A) AND 53(B)(1)

3. <u>Basis for Appointment</u>. The Special Master is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), to make findings of fact on issues to be decided by the Court because appointment is warranted by an exceptional condition (namely, the volume of cases pending in these proceedings) (Rule 53(a)(1)(B)(i)), and to address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

4. <u>No Grounds for Disqualification</u>. Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master has filed an affidavit with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

5. <u>Fairness Considerations</u>. Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses

2

of the Special Master on the parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-saving to all parties. Moreover, the Court notes that the parties have consented to the Special Master's appointment and have agreed to arrange the Special Master's compensation, as discussed in paragraph 13 herein. The Court will protect against unreasonable expenses and delay through regular communication with the Special Master and Liaison Counsel.

6. <u>Proper Notice Given to All Parties</u>. Pursuant to Rule 53(b)(1) and the hearings held on April 4 and May 9, the Court gave all parties to the MDL proceedings notice of its intent to appoint the Special Master and an opportunity to be heard with respect to such appointment before issuing this Order.

### III. **SPECIAL MASTER'S DUTIES, AUTHORITY, AND COMPENSATION**

7. <u>Diligence</u>. Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing his duties in the MDL proceedings.

8. <u>Scope of Special Master's Duties</u>. Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with matters such as case management, trial selection and case resolution procedures, scheduling orders, specially-assigned discovery motions and disputes, facilitation of inter-jurisdictional coordination, and other matters in which the Court wishes to utilize his services.

9. <u>Scope of Special Master's Authority</u>. The Special Master

shall have the authority provided in Rule 53(c) and 53(d).

10. <u>Procedure for Motions Submitted to Special Master</u>. The procedural requirements contained in this Court's Pretrial Orders shall govern any motion practice before the Special Master.

11. <u>Ex Parte Communications</u>. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time. The Special Master shall not communicate ex parte with any party absent consent of Liaison Counsel without first providing notice and an opportunity to be heard to the opposing Liaison Counsel.

12. <u>Preservation of Materials and Preparation of Record</u>. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of his written orders, findings, and/or recommendations. Pursuant to Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF"), as described in the Court's Pretrial Order No. 1. Such filing shall fulfill the Special Master's duty to serve his order on the parties. Any records of the Special Master's activities other than his written orders, findings, and/or recommendations shall be filed in accordance with paragraph 17 herein.

13. <u>Compensation</u>. Pursuant to Rule 53(b)(2)(E) and 53(g), the parties shall mutually determine the hourly rate of the Special Master for his service in this MDL. The parties shall notify the Court of this rate so that the Court may incorporate it in its orders. The Special Master shall not charge for travel

time. Judge Legge shall prepare a monthly invoice for his services, which he shall provide to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel. Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall each be responsible for paying half of the Special Master's invoice; such invoices shall be paid promptly.

14. <u>Special Master's Reports to Court</u>. Pursuant to Rule 53(f), the Special Master shall report to the Court as directed by the Court.

**IV. <u>ACTION ON SPECIAL MASTER'S ORDERS, REPORTS, OR RECOMMENDATIONS</u>**

15. <u>Scope of Section</u>. Pursuant to Rule 53(b)(2)(D) and 53(g), the procedures described in paragraphs 16 through 19 herein shall govern any action on the Special Master's orders, reports, and/or recommendations.

16. <u>Time Limits for Review</u>. Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within fourteen (14) days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion.

17. <u>Filing the Record for Review</u>. The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted

5

by the parties in connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

18. <u>Standard for Court's Review</u>. Pursuant to the parties' stipulation, the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review <u>de novo</u> any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

19. <u>Court's Actions on Master's Orders</u>. Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford each party an opportunity to be heard and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

IT IS SO ORDERED.

Dated: June 16, 2008

_____
UNITED STATES DISTRICT JUDGE